```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   WESTERN DISTRICT OF MISSOURI
                         WESTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
     v.                         )  Criminal Action No.
                                )  09-00362-01-CR-W-NKL
JAMES J. STROBBE,               )
                                )
          Defendant.            )
```

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On September 15, 2010, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### *I.     BACKGROUND*

On December 1, 2009, an indictment was returned charging defendant with one count of conspiracy to do distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); five counts of distributing cocaine, in violation of 18 U.S.C. §§ 841(a) and (b)(1)(C); one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C); and three forfeiture allegations pursuant to 21 U.S.C. § 853. Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on September 15, 2010. Defendant was present,

represented by John Osgood.  The government was represented by Assistant United States Attorney Charles Ambrose.  The proceedings were recorded and a transcript of the hearing was filed on September 16, 2010.

## II.   *AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of de novo review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge.

Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. On December 1, 2009, an indictment was returned charging defendant with one count of conspiracy to do distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); five counts of distributing cocaine, in violation of 18 U.S.C. § 841(a); one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841; and three forfeiture allegations pursuant to 21 U.S.C. § 853 (Tr. at 4-6). In accordance with the plea agreement the government moved to withdraw the Section 851 notice (Tr. at 4-5).

2. The statutory penalty for count one if the 851 notice is withdrawn is not less than ten years and not more than life in prison, not less than five years and up to life on supervised release, a fine of not more than $4 million, and a $100 mandatory special assessment (Tr. at 5-6).

3. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 7);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 7);

   c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 8, 9);

   d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 8);

   e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 9);

   f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 8); and

   g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 9-10).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at

10).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 10). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 10). Defendant stated that he understood (Tr. at 10).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 10-11).

7. Government counsel stated that its evidence would show that:

> [T]here was a confidential informant who introduced an undercover detective, Detective Arthur Willingham of the Kansas City, Missouri Police Department, to Mr. Strobbe's co-defendant, that being Steve Allen. Following that introduction there [was] a series of approximately five undercover buys in which Mr. Allen would be contacted by telephone by Detective Willingham, the undercover detective. They would arrange one- or two-ounce transactions of cocaine. On each of those occasions other officers in the area on surveillance observed Mr. Strobbe driving into the area, either with Mr. Allen or meeting Mr. Allen, providing the cocaine to Mr. Allen. Mr. Allen would then transfer the cocaine to the undercover detective. Mr. Allen was ultimately interviewed, cooperated, also corroborated the fact that Mr. Strobbe was his supplier. Mr. Strobbe was seen on at least one occasion prior to these transactions going to an address on, I believe it was Ord, O-R-D, in Kansas City, where he was picking up the cocaine from an individual named Juan Diaz. Mr. Diaz has also been arrested, has also cooperated, and as recited in the factual

>     basis, indicated that he was Mr. Strobbe's supplier.  On one
>     occasion, Mr. Strobbe was under surveillance when he met
>     with another individual, that being Douglas DeKock.  A
>     knock-and-talk at Mr. DeKock's hotel room at a local area
>     resulted in the seizure of about an ounce of cocaine, which
>     Mr. Strobbe had provided to Mr. DeKock that same day.  And
>     Mr. DeKock was interviewed and said that he had been
>     purchasing an ounce per month from Mr. Strobbe for three or
>     four years. . . .  [T]here was on a final date in the
>     investigation, a search of Mr. Strobbe's residence in which
>     additional quantities of cocaine were recovered from his
>     residence.

(Tr. at 12-13).

8.   Defendant was placed under oath (Tr. at 11) and admitted the following:  Sometime between January 1, 2004, and September 1, 2009, in the Western District of Missouri, defendant had an understanding with Steven Allen and Juan Diaz to engage in the distribution of five kilograms or more of cocaine  (Tr. at 14-25).

9.   Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 25). In addition, I went over the plea agreement with the defendant (Tr. at 25-31).

10.  No one made any threats or promises to get defendant to plead guilty (Tr. at 31).

11.  Defendant is satisfied with the advice and guidance he has received from Mr. Osgood (Tr. at 31).  There is nothing he wanted Mr. Osgood to do that Mr. Osgood did not do, and there is nothing Mr. Osgood has done that defendant did not want Mr. Osgood to do (Tr. at 31-32).

12. Defendant is 41 years of age and has a high school education (Tr. at 32). Defendant has no mental health or substance abuse issues (Tr. at 32).

13. Defendant tendered a plea of guilty to count one of the indictment (Tr. at 33).

*IV. ELEMENTS OF THE CHARGED OFFENSE*

The elements necessary to sustain a conviction for conspiracy to distribute cocaine are:

1. On or before January 1, 2004, two or more persons reached an agreement or came to an understanding to distribute cocaine.

2. The defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

3. At the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.


Eighth Circuit Model Criminal Jury Instruction 6.21.846A

*V. CONCLUSION*

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of count one of the indictment and he admitted to the forfeiture allegations.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order (1) granting the government's oral motion to withdraw the 851 notice, and (2) accepting defendant's guilty plea and adjudging defendant guilty of count one as well as the forfeiture counts.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of this report and recommendation to file and serve specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
September 20, 2010